UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **LESIA BAPTISTE and GREGORY BAPTISTE,** | § § § | |
| **Plaintiffs,** | § § | **CIV NO. 4:08-cv-1215** |
| v. | § § § | |
| **GARY LEE HEATON, JASON FUNKE, and VERONICA FUNKE,** | § § § § | |
| **Defendants.** | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. For the following reasons, Defendant's Motion, Doc. No. 8, is **DENIED**. The Court finds that it has subject matter jurisdiction over this diversity case, arising out of an automobile accident, pursuant to 28 U.S.C. § 1332.

Defendant concedes that parties are completely diverse, but argues that the amount in controversy for each Plaintiff does not exceed $75,000, excluding interest, costs, and attorney's fees. Plaintiffs did not plead a specific amount in damages in their Complaint; they instead pled generally that their damages exceeded the jurisdictional amount. Defendants argue that Plaintiffs have produced medical bills related to the accident that clearly indicate that their respective damages fall well below $75,000. Plaintiffs respond by providing evidence of other medical treatment that occurred between April and September of 2006, as well as, *inter alia*, recommendations for surgical treatment for both Plaintiffs and estimates of lost earning capacity based on Plaintiffs' alleged injuries.

The Supreme Court has held that "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). The legal certainty test has limited value, however, where the damages alleged are an indefinite amount. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998). "The trial court is not required to follow any set procedure in determining whether the jurisdictional amount has been satisfied." *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990). The party invoking diversity jurisdiction bears the burden of establishing the amount in controversy by a preponderance of the evidence. *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002). "The district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy. *St. Paul Reinsurance*, 134 F.3d at 1253 (internal citations omitted).

Based on the allegations in the Complaint, the evidence provided by Plaintiffs in response to Defendants' Motion, as well as case law involving similar injuries, the Court finds that Plaintiffs have established by a preponderance of the evidence that the amount in controversy will likely exceed $75,000.

Defendant's Motion is, therefore, **DENIED**.

**IT IS SO ORDERED**.

SIGNED this 26th day of August, 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE